UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  15 CR 260-1 |
| | ) | |
| | ) | Judge Jorge L. Alonso |
| DAVID COLLETTI | ) | |

MOTION OF THE UNITED STATES FOR ENTRY OF
A FINAL ORDER OF FORFEITURE

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On May 5, 2015, an indictment was returned charging defendant DAVID COLLETTI with wire fraud in violation of 18 U.S.C. § 1343. The indictment sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. On May 4, 2016, pursuant to Fed R. Crim. P. 11, defendant DAVID COLLETTI entered a voluntary plea of guilty to the indictment.

3. Pursuant to the terms of his plea agreement, defendant DAVID COLLETTI agreed that the following property is subject to forfeiture as property that constitutes or is derived from proceeds traceable to his wire fraud violation.

(a) a 2014 Acura MDX, VIN: 5FRYD4H49EB008384; and

(b) a 2009 Acura TL, VIN: 19UUA96589A006515.

4. On July 7, 2016, this Court entered a preliminary order of forfeiture forfeiting all right, title, and interest of defendant DAVID COLLETTI in the foregoing property. Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the Court directed the United States Marshal Service, to seize and take custody of the foregoing property for disposition according to law. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States was ordered to publish notice of its intention to dispose of the foregoing property according to law.

5. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), beginning on August 17, 2016 and continuing for at least 30 consecutive days, notice of the criminal forfeiture was posted on an official government internet site. A copy of the declaration of publication is attached as Exhibit A. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), no other parties are known to have an interest in the property and accordingly, no other parties were personally served with a copy of the notice of forfeiture and the preliminary order of forfeiture.

6. To date, no petitions have been filed requesting a hearing to adjudicate an interest in the foregoing property and the time in which to do so has expired.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a final order of forfeiture as to the foregoing vehicles in accordance with the draft final order of forfeiture which is submitted herewith.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By: *s/Jennie Levin*
    JENNIE LEVIN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5300